Per Curiam.

A witness who attends- upon the request of a party, we think is duly summoned, within a reasonable construction of the statute, and the practice under it. The sole object of this statute appears to have been, to increase the fees of witnesses. By the former act, St. 1795, c. 41, witnesses were allowed a fee for travel and attendance, “ provided such witnesses do personally attend said courts respectively, and certify in writing their time and travel.” Taking both statutes together, we think it was not the intent of the last statute to require the formality of a subpoena ; but that in the absence of all grounds of suspicion of unfair practice, the certificate of a person, that he has attended as a witness, at the request of a party, is sufficient to warrant such party to tax his fees as a witness.
The defendant’s counsel objected that a large number of witnesses had been summoned for whom the plaintiff claimed *246 to tax costs, whereas two only had been examined in Court. But, per Curiam, upon this subject much must be left to the fairness and integrity of counsel, in directing the attendance of witnesses. In general, a party will not summon more witnesses than he thinks will be necessary, because the expense must fall upon himself in the first instance, and it will depend upon the event, which is uncertain, whether he can obtain a reimbursement from the other party.
If witnesses should be unnecessarily summoned, or unfairly taxed, the claim for such allowance would be rejected by the court; and in case of reasonable doubt or suspicion the facts would be required to be verified by affidavit.
But we think that the allowance cannot depend upon the fact whether the witness was examined or not. Admissions of fact may be made at the trial, which would render the examination of the witness unnecessary, though proof of such fact may be essential to the party’s case, and therefore the attendance of the witness was indispensable. So the testimony may be rendered unnecessary by the course of pleading or the decisions of the court on the trial. In cases of concession of facts not intended to be disputed, parties should take care seasonably to make their admissions in writing, and thus avoid the expense of the attendance of witnesses. But if witnesses are summoned fairly, to testify to facts which are material, (and in this respect the advice and direction of counsel preparing the cause for trial should be regarded with great liberality,) but the cause takes such a turn that their testimony is not wanted, there is no good reason why the expense of their attendance should not be taxed to the losing party, it being a charge which the prevailing party has necessarily incurred.[1]
*247 Regula Generalis.
Whereas it has been the practice of parties to any suit pending in this Court, and also of persons showing that they have been summoned as witnesses in any suit pending in this Court, to apply for and take out writs of protection, which writs issued as of course, which practice may be attended with abuses •
Ordered, that from and after the first day of September next no writ of protection shall issue except by the order of Court, or some one of the judges thereof, such order to be made upon the application of the person for whom such writ of protection is to be issued, or of some person by him duly authorized ; and no order will be made for granting such writ of protection until it shall be made to appear to the Court or judge applied to, by affidavit or other satisfactory evidence, that the application is made in good faith, and for the purpose of enabling such person to attend this Court, as a party or witness in some cause pending, such cause to be specified : — if a party, that such suit has not been commenced by him collusively (or, if a defendant, that such suit has not been commenced against him by his request or procurement collusively,) and to enable him to obtain a writ of protection ; or if a witness, that he has been duly summoned by process to attend as a witness, and that he has not been so summoned by his own request or procurement, or collusively, to enable him to obtain the writ of protection applied for.[1]

 If a deposition be not used at the trial for which it was taken, in consequence of the deponent being then present, but is used at a subsequent trial, the expense of taking it may be taxed in the bill of costs. Lamb v. Stone, post, 527.

 See Regulœ Generates, 24 Pick 383.