FRANK SLAMA *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS' & OMAHA RY. CO. AND CHICAGO, MILWAUKEE & ST. PAUL RY. CO.

Submitted on briefs May 1, 1894.    Affirmed May 7, 1894.

Nos. 8778, 8779.

Costs allowed to each of the defendants in an action for tort.

Where several defendants in an action of tort, in good faith, appear by separate attorneys and interpose separate defenses by separate answers, each is entitled, on a recovery in his favor, to a separate bill of costs.

Fees of witness who did not testify.

It appearing that the attendance of witnesses had been obtained in good faith, with the expectation that their testimony would become material on the trial, and their not being called being satisfactorily explained, *held*, that the affidavits of defendants as to their materiality were sufficient, in the absence of any contrary showing on part of the plaintiff.

Appeal by plaintiff, Frank Slama, from a judgment of the District Court of Ramsey County, *Charles D. Kerr*, J., entered January 20, 1893, for costs.

The line of railway from St. Paul to Mendota is owned jointly by the defendants, the Chicago, St. Paul, Minneapolis and Omaha Railway Company and the Chicago, Milwaukee and St. Paul Railway Company. It is kept in repair by the first named company, but at the joint expense of both. Plaintiff was on June 16, 1892, and long had been in the employ of the first named company at work for it on the line of road keeping it in repair. On that day there was a washout near Mendota and the track torn away and freight cars wrecked therein. A wrecking train arrived and was engaged that night with cable in hauling out some of the wreckage.

Plaintiff was present assisting. The cable broke and one end struck plaintiff, injuring him severely. He brought this action against the two railway companies to recover damages, claiming that his injuries were caused by the joint negligence of both. Each company answered separately denying negligence and alleging plaintiff's contributory negligence and that of his fellow servants. Each company separately prepared for the trial and procured the attendance of witnesses. The case was on trial four days before a jury. At the close of plaintiff's evidence the court on motion of the defendants dismissed the action on the merits. Each defendant made its separate bill of witness fees and other disbursements and gave notice of taxation. The plaintiff appeared and filed objections but the clerk taxed $51.23 for one company and $66.67 for the other. Plaintiff appealed from the clerk's taxation to the Judge who presided at the trial and he affirmed the taxation, saying:

"The court taking judicial notice of its files and records, knows that this case after the trial had proceeded four days was dismissed by the court at the close of plaintiff's case on the ground that no cause of action had been established. From this it sufficiently appears without further proof why the defendants' witnesses were not called upon to testify in the case.

"In order to collect witness fees it is not necessary that the witness should have been subpoenaed or that his fees or mileage should have been actually paid. It is sufficient that the witness was in attendance at the request and in behalf of the successful party who on that account incurred the liability to pay the fee and mileage of such witness.

"The affidavit on behalf of one of defendants as to the residence of the witness Erickson in Dakota and with reference to the place where he entered the State of Minnesota in coming to the trial, follows the language of the statute in that regard, and is sufficient. *Merriman* v. *Bowen*, 35 Minn. 297. Courts take judicial notice of the divisions of the country into states, counties, cities, and towns and of distances of one city from another."

Judgment was thereupon entered against the plaintiff that the Chicago, St. Paul, Minneapolis and Omaha Railway Company recover of him $51.23 and that the Chicago, Milwaukee and St. Paul

Railway Company recover of him $66.67 costs and disbursements taxed and allowed to each.    From this judgment the plaintiff appeals.

*Humphrey Barton,* for appellant.

*S. L. Perrin,* for Chicago, St. P., M. & O. Ry. Co.

*W. H. Norris* and *F. W. Root,* for Chicago, M. & St. P. Ry. Co., respondents.

MITCHELL, J.    It was held in *Barry* v. *McGrade,* 14 Minn. 286, (Gil. 214,) that in an action of tort against several defendants where the defendants, who prevail, rely upon the same defense, unite in the same answer, appear by the same attorney, and there is but one trial as to all, they are entitled jointly, and not severally, to statutory costs.

The converse of this is equally true, viz. that where the several defendants in good faith interpose separate defenses by separate answers, and appear by different attorneys, each is entitled, on a recovery in his favor, to a separate bill of costs.

We think the taxation of witness fees should be affirmed for substantially the reason given by the trial judge in his memorandum.    The affidavits showed that the attendance of these witnesses had been obtained in good faith, with the expectation that their testimony would become material on the trial.    Why they were not called was satisfactorily explained by the fact that the action was dismissed when the plaintiff rested.    We think defendants' affidavits made a sufficient showing of the materiality of the witnesses, in the absence of any showing to the contrary by the plaintiff, or of anything in the case raising a suspicion that they were called unnecessarily, or for the purpose of swelling the bill of costs.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 989.)