MANKATO LIME & STONE COMPANY v. W. B. CRAIG.[1]

October 18, 1900.

Nos. 12,455—(82).

### Taxation of Costs—Witness Fees.

If a party acts in good faith when requesting or compelling the attendance of his witnesses, the mere fact that their testimony is immaterial or inadmissible will not deprive such party of witness fees necessarily paid or incurred. Bad faith in such a case will not be presumed on the taxation of costs before the clerk.

Action in the district court for Blue Earth county. The case was tried before Severance, J., who found in favor of defendant. On plaintiff's appeal from a decision of the clerk taxing certain dis-

[1] Reported in 83 N. W. 983.

bursements in favor of defendant, the court, Cray, J., made an order sustaining the taxation. From a judgment in favor of defendant, plaintiff appealed. Affirmed.

*Wm. N. Plymat*, for appellant.

*W. L. Comstock* and *C. L. Benedict*, for respondent.

COLLINS, J.

It is to be presumed, in the absence of any showing or even intimation to the contrary, that the witnesses whose fees for attendance and mileage were regularly taxed by the clerk of the district court were brought to attend the trial of this cause in good faith, and not with any improper motive. Both were sworn at the trial, and both testified. The only objection made to the allowance of their fees was that neither gave testimony which was material or relevant or competent upon any issue made by the pleadings. Counsel seeks to apply a test which would, as stated by the court below, compel a litigant to determine in advance and at his peril whether the testimony of his witnesses will be material, relevant, and competent. The test which counsel seeks to apply is not recognized in any of the authorities, so far as we know. Much must be left to the integrity of counsel in requesting or compelling the attendance of witnesses. If the party acts in good faith, the mere fact that the testimony is immaterial or inadmissible will not deprive him of the fees necessarily paid or incurred. This is the rule where witnesses are not even sworn. Farmer v. Storer, 28 Mass. 241.

Judgment affirmed.