### WILLIAM R. MERRIAM v. J. A. JOHNSON.[1]

#### November 18, 1904.

#### Nos. 14,027—(55).

**Witness Fees.**

    The fees of certain witnesses who attended the trial of the action to give testimony upon certain issues tendered by the complaint *held* properly taxed in favor of defendant, even though the theory of the trial eliminated such issues, and rendered the testimony irrelevant and immaterial.

Appeal by plaintiff from the clerk's taxation of defendant's costs and disbursements on dismissal of the action. By stipulation the matter was heard before Jaggard, J., who made an order sustaining the action of the clerk with respect to all but one item, which was disallowed. · From a judgment entered in the district court for Stevens county pursuant to the order, plaintiff appealed. Affirmed.

*John F. Fitzpatrick,* for appellant.

*Harrison E. Fryberger,* for respondent.

BROWN, J.

Appeal from a judgment for costs and disbursements rendered in favor of defendant on the dismissal of the action by plaintiff.

The only question presented for review is whether defendant was entitled to have taxed and allowed in his favor the fees of certain witnesses who were subpœnaed and attended the trial of the action on his behalf. The fees were taxed by the clerk, and on appeal to the district court affirmed with one exception. A careful examination of the record leads to the conclusion that the taxation of the clerk was properly sustained by the trial court. The action was brought to

---

[1] Reported in 101 N. W. 308.

recover a profit alleged to have been made by defendant while acting as the agent of plaintiff in selling certain land, which he failed to report or account for. The complaint does not clearly disclose the nature of plaintiff's cause of action, nor the precise ground upon which he sought to recover. It alleges and charges that defendant fraudulently represented to plaintiff the condition and value of the land, and that plaintiff relied thereon, and was induced thereby to consent to a sale for an inadequate price. The witnesses whose fees were here taxed attended court for the purpose of giving testimony respecting the condition of the land and its value, and to refute plaintiff's allegations of fraudulent representations on that subject. Defendant was clearly justified in securing their attendance at court for the purpose of meeting the issues thus tendered by the complaint. Plaintiff's theory of the case at the trial may have, and probably did, eliminate those issues, and render the testimony of the witnesses irrelevant and immaterial; but, in view of the fact that their testimony was directed to allegations in the complaint, defendant is entitled to have their fees taxed.

Judgment affirmed.