MERCHANTS' STATE BANK v. ST. ANTHONY & DAKOTA ELEVATOR COMPANY.[1]

October 13, 1905.

Nos. 14,530—(156).[2]

**Taxation of Witness Fees.**

Osborne v. Gray, 32 Minn. 53, to the effect that, where witnesses attending the trial of an action are for any reason not called or sworn, to entitle the prevailing party to tax their fees, facts must be shown by affidavit disclosing the necessity for their attendance and the materiality of their testimony, followed and applied. Mankato L. & S. Co. v. Craig, 81 Minn. 224, distinguished and limited.

[1] Reported in 104 N. W. 713. ·          [2] October, 1905, term.

Appeal by defendant from a judgment of the district court for Wilkin county, entered pursuant to the findings and order of Flaherty, J., affirming the clerk's taxation of costs. Affirmed.

*Wilson & Mercer,* for appellant.

*Jones & King,* for respondent.

BROWN, J.

This cause came on for trial in the court below, and, after the examination of several witnesses in support of the allegations of the complaint, was dismissed without prejudice on plaintiff's application. Thereafter defendant gave notice of taxation of costs and disbursements, including in the items sought to be taxed a claim for certain witness fees. The bill of costs was verified by the usual affidavit, and to the effect, as respects the witnesses, that they were necessary and material witnesses for defendant and actually attended court for the purpose of testifying upon issues presented by the pleadings. The plaintiff objected to the allowance of their fees, on the ground that there was no sufficient showing that the witnesses were necessary or material, or were called for the purpose of giving testimony upon any material issue or question in the case. No supplemental affidavit was filed with the clerk. The clerk sustained the objection, and his ruling was affirmed by the court below, whereupon the defendant appealed to this court.

The only question presented is whether, as the witnesses were not called to testify on the trial, a special showing as to their materiality should have been made by defendant, as held in the case of Osborne v. Gray, 32 Minn. 53, 19 N. W. 81. Counsel for defendant insists that the rule of that case was in effect overruled in Mankato L. & S. Co. v. Craig, 81 Minn. 224, 83 N. W. 983, and that the general affidavit of disbursements was sufficient; at least, that the decision last referred to throws sufficient doubt upon the question to justify this appeal.

The court did not in the case just referred to intend to depart from the rule laid down in the Osborne case. The rule as there announced is that where witnesses attend the trial of an action for the purpose of giving testimony upon the issues presented by the pleadings, and for any reason are not called or sworn, to entitle the prevailing party to tax their fees, facts must be shown disclosing the necessity of their attendance and the materiality of their testimony. That case was fol-

lowed in Berryhill v. Carney, 76 Minn. 319, 79 N. W. 170, and, so far as our information extends, is generally understood to be the practice in this state. We follow and apply it in the case at bar. The case of Mankato L. & S. Co. v. Craig, supra, should be limited to the presumption of good faith in procuring the attendance of witnesses and to the holding that the mere fact that their testimony was excluded as immaterial should not necessarily preclude the taxation of their fees. If the attendance of witnesses be procured in good faith for the purpose of giving testimony upon questions that might come in issue under the pleadings, and not for the purpose of "swelling the bill of costs," their fees are taxable, even though the testimony offered is held by the court immaterial or inadmissible. Slama v. Chicago, St. P., M. & O. Ry. Co., 57 Minn. 167, 58 N. W. 989.

In view of the doubts surrounding the question, it could not be said that this appeal was frivolous; and we deem it proper, in view of the fact that the purpose of the appeal was to definitely settle the question of practice, to relieve the defendant from the payment of statutory costs. No statutory costs will therefore be allowed.

Judgment affirmed.