# UNITED STATES OF AMERICA v. BENEGNA DAGOMAN.

December 8, 1915.

*Costs—Fees of witnesses for indigent defendants in criminal cases:.* Where in a criminal case an indigent defendant, by affidavit under Rev. Stat. sec. 878, as to materiality of proposed testimony, obtains subpoena for a witness who at trial proves to know nothing of matters as to which he is expected to testify, the defendant's motion for costs of process and witness fees in such case is disallowed.

*Criminal Law:* Motion to tax costs.

*H. W. Vaughan,* Assistant U. S. Attorney, for the United States.

*G. K. French* for the defendant.

DOLE, J. The defendant in this case filed an affidavit under section 878 of the Revised Statutes, setting forth the names of certain alleged witnesses to be subpoenaed, whose evidence was claimed to be material to the defense. After the trial, in the matter of taxing costs, it appeared that one of the witnesses named Beata Jumalon Atad, who had been subpoenaed and who attended the trial, was unavailable for the defense, not knowing anything about matters that it was expected that she could testify to. Counsel for the defendant claims that the costs incurred by the process of subpoena, and the fees of said witness, should be paid as similar costs and fees were allowed in regard to the other witnesses, and submitted several authorities.

The case of *Merriam v. Johnson,* 101 N. W. 308, a Minnesota case, and *Farmer v. Storer,* 28 Mass. 241, agree that, in cases where defendant's witnesses are summoned and not used, because, during the trial, the necessity of their testimony is obviated by admissions of fact made at the trial, or by the course of pleading, or by rulings of the court, or for any circumstance by which, on the plaintiff's theory

of the case, the necessity of their testimony may have been eliminated, there is no good reason why the costs of process and their fees should not be allowed. And this is because their testimony was ready in response to allegations of the complaint and that the facts which they were ready to testify to were material to the defendant's case.

A statute in Missouri provides that:

"The judge and prosecuting attorney shall in no case tax the state or county with more than the costs of three witnesses to establish any one fact, nor with costs of witnesses unnecessarily summoned and not examined, but the costs of such surplus or unnecessary witnesses shall, in the discretion of the court, be taxed against the parties or the attorney causing them to be summoned." Ses. 4420, R. S. Mo.

This statute is in harmony with the decisions above cited, and supports the practice that fees should not be allowed for witnesses unnecessarily summoned; the cases deciding that the costs and fees of witnesses necessarily summoned and ready to give relevant testimony should be allowed.

A further authority cited by defendant's counsel in this case, *Mankato v. Craig,* 83 N. W. 983 (Minn.) is as follows:

"If a party acts in good faith, the mere fact that the testimony is immaterial or inadmissible will not deprive him of fees necessarily paid or incurred."

This authority, although extremely favorable to a defendant acting in good faith, does not support the contention of defendant's counsel, that the costs and fees of a summoned witness who knows nothing about the case should be allowed.

I feel that the best attitude of the court is to expect counsel to know that the persons whose names are furnished to the court under an affidavit for process have at least some information to offer relating to the case; and that it is too much to ask that the United States should pay costs and fees on account of alleged witnesses who attend and yet cannot furnish any information whatever,

material or immaterial, admissible or inadmissible, that has some reference to the case.

The previous ruling of the court, therefore, in regard to the person, Beata Jumalon Atad, summoned as a witness herein, refusing to allow the costs of process and fees claimed on her account, is affirmed.