## ADAM JAKUTIS v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

### May 12, 1916.

### Nos. 19,619—(54).

**Witness fees.**

1. A witness who attends the trial of an action for the purpose of giving evidence therein, is entitled to the mileage and *per diem* pre-

[1]Reported in 157 N. W. 896.

scribed by statute, and the party procuring his attendance is liable therefor.

**Same — free transportation.**

2. The fact that the party so calling the witness provides him with free transportation to the place of trial, does not, in the absence of some agreement releasing or relinquishing the right to the statutory fees, relieve him of such liability to the witness.

**Same — taxable disbursements.**

3. Under such circumstances the liability for the fees is incurred by the party, and may be taxed with other disbursements.

**Mileage of nonresident witness.**

4. A nonresident witness is entitled to mileage for the actual distance traveled within the state, computed by the usually traveled route from his residence to the place of trial.

**Same — choice of routes.**

5. The witness in coming to the state is under no obligation, where there are several usually traveled routes, to select the one with the least mileage in this state.

Action in the district court for Ramsey county. Plaintiff appealed from the overruling of his objections to defendant's bill of costs and on appeal the taxation by the clerk was sustained, Hanft, J. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Barton & Kay,* for appellant.
*Butler, Mitchell & Hoke,* for respondent.

BROWN, C. J.

Defendant had a verdict in this action and judgment was rendered in its favor for the costs and disbursements as taxed and allowed by the clerk. Plaintiff appealed. The only question presented is whether the clerk erred in taxing the mileage of certain of defendant's witnesses.

The injury of which plaintiff complained was received by him as an employee of defendant on its line of road in the state of Illinois. The witnesses whose fees were taxed by the clerk resided in that state and attended the trial of the action in this state at the instance of defendant, for the purpose of giving testimony upon the issues involved in the action. Plaintiff contends: (1) That defendant furnished the several

witnesses with transportation from Chicago to St. Paul, the place of trial, and that all of them came to Minnesota free of expense and, therefore, that defendant did not incur any liability for the payment of their statutory witness fees; and (2) that the mileage charged is excessive. We are unable to sustain either contention.

1. The statutes of this state fix and prescribe the fees of witnesses attending upon the trial of an action or proceeding at six cents per mile for traveling to and from the place of trial, and one dollar per day for each day's attendance. By virtue of this statute every witness who attends a court for the purpose of giving evidence in a pending action, whether such attendance be at the request of a party, or pursuant to a subpoena duly issued and served upon him, is entitled as a matter of law to the fees so prescribed. Such attendance constitutes a legal and valid claim against the party calling the witness, and may be enforced against him unless his rights be waived or he accepts other compensation in lieu of statutory fees. There is no claim in this case that any of the witnesses whose fees were taxed, by agreement or otherwise, relieved defendant from its legal obligation, and for aught that appears defendant is still holden thereon. It does not matter that defendant provided the witnesses with free transportation from Chicago, for they are nevertheless entitled to the fees fixed by law. Defendant incurred the liability, and in the absence of some showing that the obligation has been discharged, or the payment of the fees waived, defendant had the right to have them taxed with other disbursements. Holbrook v. Cooley, 25 Minn. 275.

2. Under our statutes the mileage of a nonresident witness is limited to the distance traveled within this state, the witness entering the state on his journey to the place of trial by the usually traveled route from his home without the state. The witnesses whose mileage is here in question resided at Chicago, Illinois, and they came to St. Paul over the Illinois Central railway to Albert Lea, thence to St. Paul, the place of trial, over the Minneapolis and St. Louis railway. We take notice of the fact that this is one of the usually traveled routes between St. Paul and Chicago. Perhaps the greater amount of travel is over other lines, yet this is one of the standard lines between those points. And unless the party procuring the attendance of nonresident witnesses is

under obligation to cause them to travel over the route having the least mileage in this state, we discover no valid objection to the mileage here claimed. We hold that there is no such obligation, and that in the absence of some showing or suggestion of a purpose of "swelling the bill of costs," by resorting to the longer route, or the one having the greater mileage in this state, the mileage of witnesses, traveling by some usual route, should be allowed. Slama v. Chicago, St. P., M. & O. Ry. Co. 57 Minn. 167, 169, 58 N. W. 989.

Judgment affirmed.