689 F.Supp. 970 (1988)
Thomas C. EVANS, Plaintiff,
v.
ST. LOUIS HOUSING AUTHORITY, et al., Defendants.
Percy J. ELLISON, Plaintiff,
v.
ST. LOUIS HOUSING AUTHORITY, et al., Defendants.
Nos. 86-2605C(6), 87-1370C(6).
United States District Court, E.D. Missouri, E.D.
July 26, 1988.
*971 Donald V. Nangle, St. Louis, Mo., for Evans.
Donald V. Nangle, Charles R. Oldham, St. Louis, Mo., for Ellison.
Michael D. Alter, Steinberg and Crotzer, St. Louis, Mo., for defendants St. Louis Housing Authority, Jones, Fowler, Quirk, Layne, Frisella and Gates.
Kathleen A. Gormley, Asst. City Counselor, St. Louis, Mo., for defendants City of St. Louis and Schoemehl.
Michael D. Alter, Steinberg & Crotzer, St. Louis, Mo., for all defendants except Schoemehl.

MEMORANDUM
GUNN, District Judge.
This consolidated action arises out of the discharge of plaintiffs Percy Ellison and Thomas Evans from their respective positions as Director of Housing Management and Assistant Director of Materials for the St. Louis Housing Authority. In the autumn of 1985 defendant Michael Jones, Executive Director of the Housing Authority, discharged both men for "unsatisfactory work performance." The Board of Commissioners for the Housing Authority subsequently *972 approved Jones' dismissal of Ellison and Evans.
Ellison asserts that his work performance was "exemplary" and that his dismissal resulted from the Housing Authority's custom, policy and practice of rewarding political supporters and friends of Mayor Schoemehl and defendant Jones with positions on the Housing Authority. Plaintiff Evans, who defendants contend was discharged due to irregularities revealed by an audit and review of the Housing Authority's warehouse operations allegedly conducted by the accounting firm of Alexander Grant & Co. in October 1985, asserts that no such audit was performed and that defendants discharged him on the basis of false accusations of poor performance and fraud. Each plaintiff contends that he was entitled to a hearing prior to his termination and to a statement of the specific reasons for his discharge. Ellison and Evans also contend that defendant Jones caused false statements concerning plaintiffs' work performance to be published which resulted in damage to plaintiffs' personal and professional reputations.
On the basis of these factual allegations each plaintiff filed a three-count second amended complaint alleging in Count I the deprivation of property without due process of law, in Count II that defendants' publication of the circumstances surrounding plaintiffs' discharge resulted in stigmatizing injury and in Count III wrongful discharge in violation of state law.
Presently before the Court are defendants' motions to dismiss plaintiffs' second amended complaints for failure to state a claim. In passing on a motion to dismiss the Court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state with precision every element necessary for recovery. 5 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1216 at 120 (1969). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 102.
Defendants first assert that Count I, in which plaintiffs allege that defendants' actions deprived them of property without due process of law, must fail because plaintiffs do not possess property interests in their continued employment. The fourteenth amendment's procedural due process requirements apply only to the deprivation of liberty and property interests. Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). A property interest exists where an individual possesses "a legitimate claim of entitlement" to a particular benefit. Roth, 408 U.S. at 577, 92 S.Ct. at 2709 (1972). Such interests arise from "existing rules and understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Id.
Plaintiffs identify three possible sources for their asserted property interest in continued employment. First, they contend that the personnel policies and procedures of the St. Louis Housing Authority embodied in the Housing Authority's employee handbook give rise to a protectable property interest. In a previous ruling this Court noted that certain provisions of the Housing Authority's Personnel Policy and Procedures Manual might give rise to a property interest by creating a contractual right to continued employment under state law. See Order of July 7, 1987 at 4. Since that time the Missouri Supreme Court has determined that an employer's "unilateral act of publishing a handbook" does not give rise to a contractual right to continued employment under Missouri law, Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. banc 1988). In light of the ruling in Johnson the Court concludes that *973 the Housing Authority's employee handbook cannot form the basis for plaintiffs' alleged property right to continued employment because handbook provisions do not as a matter of state law create legally cognizable property interests or entitlements.
Plaintiffs also contend that the established practice of the St. Louis Housing Authority of dismissing only for cause and following a hearing gives rise to their property interest in continued employment. Plaintiffs assert the existence of an unwritten "de facto" policy which the Housing Authority routinely follows in discharging employees. Specifically, they note that the Housing Authority's personnel policies and procedures provide for the giving of ten days notice prior to termination, a statement of reasons for discharge and a grievance procedure entitling permanent employees to a hearing before the Executive Director and an appeal therefrom to the Board of Commissioners.
Although these procedures are unquestionably included in the Housing Authority's personnel policy, the existence of procedures without more does not give rise to a substantive property right. See Hewitt v. Helms, 459 U.S. 460, 471, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983); Olim v. Wakinekona, 461 U.S. 238, 250-51, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which an individual has a legitimate claim of entitlement"). Several recent Eighth Circuit rulings[1] belie the validity of plaintiffs' argument that procedures alone can give rise to a property interest. In Stow v. Cochran, 819 F.2d 864, 866-67 (8th Cir.1987), a discharged police officer contended that a municipality's established policy of affording officers certain grievance procedures when taking disciplinary action against them gave rise to a protectable property interest. Acknowledging that such a policy did indeed exist, the court nevertheless concluded that the officer's theory was "insufficient as a matter of law to support a property right to continued employment." Id. at 866. Similarly, in Hogue v. Clinton, 791 F.2d 1318, 1324 & n. 10 (8th Cir.), cert. denied, 479 U.S. 1008, 107 S.Ct. 648, 93 L.Ed.2d 704 (1986), the Eighth Circuit held that "[g]rievance procedures that do not establish any grounds upon which termination must be based ... create[] only an expectancy of review, not of continued employment." See also Skeets v. Johnson, 805 F.2d 767, 775-81 (8th Cir.1986) (Bowman, J., dissenting), rev'd on reh'g, 816 F.2d 1213 (8th Cir. 1987).
Like the grievance procedures at issue in Stow and Hogue, the procedures which plaintiffs contend establish their entitlement to continued employment do not significantly restrict the decisionmaker's discretion and therefore do not give rise to an independent substantive right. Stow, 819 F.2d at 867 (quoting Hogue, 791 F.2d at 1324 n. 10). Paragraph 540 of the Housing Authority's Personnel Policy and Procedures Manual which provides a non-exclusive list of causes for involuntary separation is prefaced by the phrase "[w]hen, in the opinion of the Executive Director...." This language which vests discretion in the Executive Director to determine the propriety of plaintiffs' continued employment precludes a conclusion that plaintiffs possessed a legitimate claim of entitlement to continued employment. See Olim, 461 U.S. at 250-51, 103 S.Ct. at 1748.
Finally, plaintiffs maintain that they have a property interest in continued employment by virtue of certain regulations imposed by the Department of Housing and Urban Development (HUD) upon the Housing Authority as a recipient of federal funds. The regulation to which plaintiffs *974 refer is contained in the HUD handbook, "Low-Rent Housing, Administration of Program", and provides in pertinent part:
1. REQUIREMENT FOR PERSONNEL PRACTICES. Pursuant to the Annual Contributions Contract/entered between a local agency and HUD, the local agency shall formally adopt and comply with a statement of personnel policies comparable with pertinent local public practice. Local agencies subject to State or local civil service regulations shall adopt such regulations.... Local agencies not subject to such civil service regulations shall adopt personnel policies comparable to pertinent local public practice and subject to the limitations of this Handbook.... Local public practice means the practice of the city, county or other political subdivision which established the local agency, as well as the practices of independent public bodies such as schools, hospitals, airport authorities, etc. located within the area served by the local agency.
Plaintiffs contend that the "local public practice" which this provision requires the Housing Authority to adopt is a personnel policy consistent with the State Personnel Law (Merit System), Mo.Ann.Stat. Ch. 36 (Vernon Supp.1988). The Court declines to determine whether the personnel policies adopted by the Housing Authority are consistent with or are required to be consistent with the State Merit System because the positions which plaintiffs held, Director of Housing Management and Assistant Director of Materials, are exempt from the operation of the State Merit System. The state statutory scheme provides as follows:
A system of personnel administration based on merit principles ... is established for all offices, positions and employees ... and such other agencies as may be required to maintain personnel standards on a merit basis by federal law or regulations for grant-in-aid programs, except that the following offices and positions of these agencies are not subject to this law ...:
Other provisions of the law notwithstanding, members of boards and commissions, departmental directors, three principal assistants designated by the departmental directors, division directors, one assistant designated by each division director....
Mo.Ann.Stat. § 36.030.1(1) (Vernon Supp. 1988).
This exemption leads the Court to reject plaintiffs' assertion that the Authority's adoption of personnel policies consistent with local public practice and mandated by the HUD funding requirement gives rise to a property interest in continued employment cognizable under the due proess clause.
In Count III plaintiffs assert state law claims for wrongful discharge. They contend that they were discharged in violation of their implied contractual rights under the Housing Authority handbook, state law or applicable federal regulations. The holding of the Missouri Supreme Court in Johnson and the exemption found in Mo. Ann.Stat. § 36.030.1(1), respectively, are dispositive of plaintiffs' claims of wrongful discharge based upon implied contractual rights and state law.
In support of their contention that federal regulations can form the basis for a wrongful discharge claim plaintiffs cite Davis v. Human Development Corp., 705 S.W.2d 540 (Mo.Ct.App.1985) in which the Missouri Court of Appeals held that a federal employee could not be discharged in violation of certain federal regulations imposed upon a local agency as a condition of receiving federal funding. In this case, unlike Davis, it is undisputed that plaintiffs were employees of the St. Louis Housing Authority and not employees of HUD or any other federal agency. For this reason the Court concludes that the holding in Davis is inapplicable here.
Moreover, even if the Court were to accept plaintiffs' assertion that Davis applies here, the Court is unpersuaded that defendants violated the HUD "Requirement for Personnel Practices" when they discharged plaintiffs. As the Court noted above, the HUD regulation requires the Housing Authority, as a condition of the receipt of federal funds, to adopt personnel practices *975 consistent with "local public practice." Assuming without deciding that plaintiffs' contention is correct and that the regulation mandates the adoption of personnel practices comparable to the State Merit System, plaintiffs' claims nevertheless must fail because the State Merit System exempts their positions from its operation. See Mo.Ann.Stat. § 36.030.1(1).
Finally, in Count II plaintiffs assert that defendants disseminated false statements concerning plaintiffs' job performance and the reasons for plaintiffs' firings which damaged plaintiffs' professional reputations and made it difficult for plaintiffs to obtain new employment. In support of their motion to dismiss Count II, defendants assert that no stigma or disability has attached to either plaintiff as a result of defendants' actions. The newspaper articles which plaintiffs have provided the Court support defendants' contentions in that they fail to specifically mention Mr. Ellison or the reasons for his discharge. Nevertheless, the Court cannot conclude at this stage of the litigation that plaintiffs will be unable to demonstrate the publication of false, stigmatizing statements concerning Mr. Ellison's discharge. Moreover, on the basis of the record presently before it, the Court concludes that Mr. Evans has stated a claim for relief. Accordingly defendants' motion to dismiss Count II must fail.
The Court notes, however, that in light of its determination that plaintiffs possessed no protectable property interest in their continued employment, the only relief to which plaintiffs are entitled is an opportunity to clear their names. Codd v. Velger, 429 U.S. 624, 627, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977) ("... the hearing required where a nontenured employee has been stigmatized in the course of a decision to terminate his employment is solely `to provide the person an opportunity to clear his name.'") Thus even if they prevail on this Count plaintiffs will only be entitled to attempt to refute the charges against them and not to a consideration of the existence or adequacy of the reasons for their terminations or to reinstatement. Id. at 627-28, 97 S.Ct. at 883-84.

ORDER
Pursuant to the memorandum filed herein on this date,
IT IS HEREBY ORDERED that defendants' motion to compel compliance with the Court's Order of July 7, 1987 be and it is denied as moot.
IT IS FURTHER ORDERED that plaintiff Thomas Evans' request for leave to file a second amended complaint be and it is granted.
IT IS FURTHER ORDERED that defendants' motions to dismiss Counts I, II, III and IV of plaintiff Thomas Evans' original complaint be and it is denied as moot.
IT IS FURTHER ORDERED that defendants' motions to dismiss Counts I and II of plaintiff Percy Ellison's first amended complaint be and it is denied as moot.
IT IS FURTHER ORDERED that defendants' motion to dismiss Count I of plaintiffs' second amended complaint be and it is granted.
IT IS FURTHER ORDERED that defendants' motion to dismiss Count II of plaintiffs' second amended complaint be and it is denied.
IT IS FURTHER ORDERED that defendants' motion to dismiss Count III of plaintiffs' second amended complaint be and it is granted.
IT IS FURTHER ORDERED that plaintiff Thomas Evans' motion to compel production of documents be and it is denied for failure to comply with Local Rule 7(C).
Inasmuch as Interrogatories 1, 2, 4, 9, 10, 11 and 13 address matters mooted by this Order, IT IS FURTHER ORDERED that the motion of defendant St. Louis Housing Authority to compel responses to these interrogatories be and it is denied.
Although the information sought in Interrogatory 20 is relevant to the remaining issues in this action, IT IS FURTHER ORDERED that defendant St. Louis Housing Authority shall no later than seven (7) days from this date reframe that interrogatory *976 in light of plaintiff's second amended complaint and serve it on plaintiff. Plaintiff shall, no later than seven (7) days from the date of receipt of the rephrased interrogatory, respond thereto.
NOTES
[1] Plaintiffs assert that these cases are not controlling here because they involve the application of Arkansas law. Although the contours of property interests are defined by reference to state law, Roth, 408 U.S. at 577, 92 S.Ct. at 2709, the proposition that procedures alone cannot create substantive property rights is a constitutional principle which is independent of the applicable state law. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541, 105 S.Ct. 1487, 1492, 84 L.Ed.2d 494 (1985); Olim, 461 U.S. at 250-51, 103 S.Ct. at 1748; Hewitt, 459 U.S. at 471, 103 S.Ct. at 871.