911 F.2d 65
 117 Lab.Cas. P 56,450
 Percy GREEN, II, Appellant,
v.
ST. LOUIS HOUSING AUTHORITY; Michael Jones, ind. and in his
official capacity and Executive Director of St. Louis
Housing Authority; C.W. Gates, Chairman; Rev. Richard J.
Quirk, Vice Chairman; Marie W. Fowler, Treasurer; Bishop
Samuel A. Layne; John C. Frisella, Each and individually
and in his or her representative capacity elected members of
the Board of Commissioners, St. Louis Housing Authority, Appellees.
 No. 89-1945EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 14, 1990.
Decided Aug. 7, 1990.
 
 Robert J. Reinhold, St. Louis, Mo., for appellant.
 Darold Crotzer, Jr., St. Louis, Mo., for City.
 Schoemehl and Elkin Kistner, St. Louis, Mo., for other appellees.
 Before JOHN R. GIBSON and MAGILL, Circuit Judges, and BRIGHT, Senior Circuit Judge.
 MAGILL, Circuit Judge.
 
 
 1
 Michael Jones, the executive director of the St. Louis Housing Authority (HA), terminated Percy Green, II, an at-will employee,[1] from his position as general housing manager, allegedly due to Green's unsatisfactory work performance. Green alleged that the defendants falsely, maliciously, and in bad faith accused him of unsatisfactory performance as a pretext for discharging him for his refusal to support the mayor's 1985 campaign for reelection.
 
 
 2
 Following his dismissal, Green requested a grievance hearing. The HA grievance committee reviewed his complaint and voted not to sustain his dismissal. After reviewing the committee's recommendation, however, Jones concluded his initial decision was correct and advised Green he could appeal his termination decision to the HA Board of Commissioners (Board). The Board subsequently rejected Green's appeal, voting to affirm the dismissal. Green then brought suit under 42 U.S.C. Secs. 1983, 1985, and 1986 against St. Louis and HA, and in their individual and official capacities, Jones, the mayor of St. Louis, and HA Board members, alleging that they not only violated his constitutional right to freedom of association but infringed his liberty and property rights without due process.
 
 
 3
 The district court[2] dismissed Green's claims against St. Louis and the mayor in his official capacity on the ground that HA was not an agency or department of St. Louis. The district court granted summary judgment in favor of the mayor in his individual capacity because of Green's failure to oppose the mayor's motion for summary judgment with specific facts demonstrating any genuine issue of material fact as to Green's allegations that the mayor played a role in his discharge.
 
 
 4
 The district court also granted summary judgment in favor of the remaining defendants on Green's claims that they abridged: (1) his liberty interest by falsely, maliciously, and in bad faith accusing him of unsatisfactory job performance as general housing manager; (2) his first amendment rights, as applied to the states through the fourteenth amendment, by dismissing him for his political activities; and (3) his property interest arising out of his employment with HA by terminating him without due process. Finally, the district court granted summary judgment in favor of the defendants on Green's claim that the Missouri Administrative Procedures Act (MAPA) provides for judicial review of his termination. On appeal, Green argues that the district court erred in disposing of his claims. After a thorough review of the record, we reject Green's arguments and affirm the district court.
 
 I.
 
 5
 Fed.R.Civ.P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegel v. Runnels, 793 F.2d 924, 926 (8th Cir.1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir.1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id. (citing Fed.R.Civ.P. 56(e) and Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir.1981)). In examining the district court's opinion, it is clear that the court correctly stated and applied these summary judgment principles. We reject Green's arguments to the contrary.
 
 A.
 
 6
 Green's claims against St. Louis and the mayor in his official capacity were predicated entirely on the existence of an agency relationship between the city and HA, and the mayor's alleged substantive control over HA. The district court dismissed Green's claims against both parties after concluding that, under Missouri law, HA is not an agency or department of the city and the mayor exercises no substantive control over HA. "We defer to the state law rulings of federal district courts which sit in the state whose law is controlling. We may refuse to follow the federal district court ruling only if we find that it is ' "fundamentally deficient in analysis, without a reasonable basis, or contrary to reported state-court opinion." ' " Perkins v. General Motors, 911 F.2d 22, 29 (8th Cir.1990) (quoting Pony Exp. Cab & Bus., Inc. v. Ward, 841 F.2d 207, 209 (8th Cir.1988) (per curiam), quoting Economy Fire & Cas. Co. v. Tri-State Ins. Co., 827 F.2d 373, 375 (8th Cir.1987)). Because we do not find any of these conditions to exist, we defer to the district court's holding that HA is not an agency or department of St. Louis under Missouri law and that the mayor exercises no substantive control over HA. See State ex rel. City of St. Louis v. Ryan, 776 S.W.2d 13, 16 (Mo. banc 1989) (neither mayor nor any city official can exercise substantive control over the manner in which HA performs its statutorily mandated duties; HA, a municipal corporation independent from St. Louis, is a political subdivision of Missouri). We therefore affirm the district court's dismissal of Green's claims against St. Louis and the mayor in his official capacity.
 
 
 7
 The district court also granted summary judgment in favor of the mayor in his individual capacity because Green failed to present specific facts showing that there was a genuine issue of fact for trial. After reviewing the record, we find ourselves in agreement with the district court. Green did little more than attempt to rest upon the allegations in his pleadings. We can find no instance where Green pointed to facts which supported his contention that the mayor even knew Green had been discharged or that the mayor had any involvement in the alleged "purge" of HA employees. Merely because Jones and the mayor once played basketball together and served together in college student government was not enough as a matter of law for Green to successfully oppose the motion for summary judgment.[3] We therefore affirm the district court's order granting the mayor's motion for summary judgment in his individual capacity.
 
 B.
 
 8
 Green also claims that the district court erred in granting summary judgment in favor of the remaining defendants based upon its conclusion that Green's allegations were insufficient. Green alleged that Jones falsely, maliciously, and in bad faith accused him of unsatisfactory performance in connection with his duties as a housing manager, and maligned his character by way of false and malicious statements to the mayor and members of the Board. Despite his allegations that defendants maligned his character, Green could not identify any such instances during the course of discovery, choosing instead to rely merely upon the general allegations in his pleadings. In fact, responding to questions about the alleged stigmatizing statements, Green testified in his deposition that: (1) Jones' statement that Green's job performance was unsatisfactory was not true; (2) the statement was conveyed to him and the HA Board members; and (3) other than this statement he was unaware of any other specific statements made by Jones concerning him that he believed to be untrue.
 
 
 9
 A public employee is deprived of his liberty interest in connection with a discharge only when it occurs under circumstances which impose upon the employee a stigma or other disability foreclosing his freedom to take advantage of other employment opportunities. See Board of Regents v. Roth, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). The charges leveled must injure the employee's good name, reputation, honor or integrity. Doe v. United States Dep't of Justice, 753 F.2d 1092, 1105, 1111 (D.C.Cir.1985). Falsely charging an employee with unsatisfactory job performance when terminating him does not infringe his liberty interest, Harrison v. Bowen, 815 F.2d 1505, 1518 (D.C.Cir.1987), because it does not
 
 
 10
 carry with it the sort of opprobrium sufficient to constitute a deprivation of liberty [even when conveyed to third parties].... [W]e must discriminate between a dismissal "for dishonesty, for having committed a serious felony, for manifest racism, for serious mental illness, or for lack of 'intellectual ability, as distinguished from [ ] performance....' " The former characteristics imply an inherent or at least a persistent personal condition, which both the general public and a potential future employer are likely to want to avoid. Inadequate job performance, in contrast, suggests a situational rather than an intrinsic difficulty; as part of one's biography it invites inquiry, not prejudgment.
 
 
 11
 Id. (citations omitted); see also Bailey v. Kirk, 777 F.2d 567, 572-73 (10th Cir.1985) (failure to conduct investigation of police officer to satisfaction of supervisor not sufficient stigma; does not call into question plaintiff's good name, reputation, honor or integrity); Hadley v. County of Du Page, 715 F.2d 1238, 1245 (7th Cir.1983) (employer charge of mismanagement not sufficiently stigmatizing to implicate liberty interest), cert. denied, 465 U.S. 1006, 104 S.Ct. 1000, 79 L.Ed.2d 232 (1984); Stritzl v. United States Postal Serv., 602 F.2d 249, 252 (10th Cir.1979) (labeling plaintiff a slow worker with unacceptable work habits and low productivity does not implicate liberty interest).
 
 
 12
 Therefore, even accepting as true Green's representations that the defendants falsely and maliciously accused him of unsatisfactory job performance, he did not state a claim under Sec. 1983. He did not identify any statement which went beyond merely evaluating his performance on the job, nor set forth any facts in support of his claim that he has had trouble obtaining subsequent employment. Furthermore, he identified no facts which created a genuine issue of material fact as to whether the statement foreclosed his freedom to take advantage of other employment opportunities. Finally, Green did not demonstrate any facts that raised a jury question as to whether the alleged stigmatizing statements were published by HA to outside parties. See Seal v. Pryor, 670 F.2d 96, 99 (8th Cir.1982) (public employee must prove both that stigmatizing information was false and the offending state entity made the information public). For the foregoing reasons, the district court's grant of defendants' motion for summary judgment on Green's liberty interest claim must be affirmed.[4]
 
 C.
 
 13
 Green further claims that his dismissal was prompted by his employer's disagreement with his protected first amendment activities. In his amended complaint, he alleged that the defendants discharged him because of his unwillingness to support the mayor's 1985 campaign for reelection. He further alleged a conspiracy between Jones, the mayor, and HA to discharge him for political reasons. The district court granted defendants' motion for summary judgment finding that Green relied merely on innuendo and conclusory allegations. Green argues on appeal that the district court erred in granting summary judgment in favor of defendants on this claim because a genuine issue of material fact existed.
 
 
 14
 In order for an employee to state a claim under the first amendment, he must show that his conduct was constitutionally protected, and the protected conduct was a "substantial" or "motivating" factor in the defendant's action which resulted in dismissal. Derrickson v. Board of Educ., 703 F.2d 309, 316 (8th Cir.1983), appeal after remand, 738 F.2d 351, 353 (8th Cir.1984); cf. Rutan v. Republican Party of Illinois, --- U.S. ----, ----, 110 S.Ct. 2729, 2738-39, 111 L.Ed.2d 52 (1990) (state promotion, transfer, recall and hiring decisions based upon party affiliation and support violate an applicant's first amendment rights; government failed to demonstrate vital interest). Unless he can set forth specific facts showing that there is a genuine issue of fact for trial, summary judgment is appropriate.
 
 
 15
 Although Green has pleaded sufficient facts to show that his activities (campaign work and political associations) are protected by the Constitution, he did not identify specific facts to raise a genuine issue of material fact as to whether his political beliefs and activities were a substantial or motivating factor in the defendants' decision to terminate him. Green alleged that: (1) he attended a meeting at which the mayor's rival spoke and Green's appearance at the meeting was published in the newspaper; (2) HA staff members kidded him regarding his alleged support for the mayor's rival, which he denied; (3) the mayor sought the resignations of two officials of HA because of the purchase of office furniture, although according to gossip the reason for the termination was personal; (4) he did not actively support the mayor for reelection; and (5) the mayor never accused Jones of mismanagement. Even if we accept as true these allegations which rely primarily on gossip, speculation, and innuendo, Green still did not demonstrate that there is any genuine dispute as to a material fact. There is simply no basis on which a reasonable jury could conclude that Green's political activities were a motivating or substantial factor in his termination.
 
 D.
 
 16
 Green also claims that he had a property interest in his employment arising out of HA's handbook, the United States Department of Housing and Urban Development's (HUD) handbook, and various resolutions passed by HA. The district court found that as a matter of law, Green, an at-will employee, did not possess a property interest in his employment with HA. In order for Green to successfully state a claim that his property interests have been implicated, he "must have more than an abstract need or desire for [the benefit]. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577, 92 S.Ct. at 2709.
 
 
 17
 Green first argues that the HA handbook did provide him with a legitimate claim of entitlement to his continued employment which could only be terminated following a hearing and upon a finding of just cause. The handbook, Green argues, converted him from an at-will employee to one with a property interest in continued employment which could only be terminated following a hearing and a finding of cause. The Supreme Court in Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), explained that " 'property interests ... are not created by the Constitution. Rather, they are created and their dimensions defined by existing rules or understandings that stem from an independent source such as state law.' " Id. at 344 n. 7, 96 S.Ct. at 2077 n. 7 (quoting Roth, 408 U.S. at 577, 92 S.Ct. at 2709). Therefore, to the extent Green's property claims arise from Missouri law, our inquiry is guided by reference to that law.
 
 
 18
 As the district court noted, the Missouri Supreme Court in Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 663 (Mo. banc 1988), explicitly refused to adopt a handbook exception to the at-will doctrine. Instead it reaffirmed its recognition of the "continued validity of employment at will." Id. at 662; see also Evans v. St. Louis Housing Authority, 689 F.Supp. 970, 972-73 (E.D.Mo.1988) (in light of Johnson, HA's handbook cannot form the basis for employee's alleged property right to continued employment). Therefore, the mere fact that HA has published a handbook, stating policies and procedures, does not give Green an entitlement under Missouri law to continued employment.
 
 
 19
 Green nonetheless tries to distinguish Johnson on the ground that it applies only to private employers. We find no such basis for distinguishing Johnson. The Missouri courts have not shown any indication that the at-will doctrine is limited only to private employers. See, e.g., Amaan v. City of Eureka, 615 S.W.2d 414, 415 (Mo. banc 1981) (in absence of a contract for employment for definite term or contrary statutory provision, a public employer may discharge an employee at any time, without cause or reason, and in such cases no action can be obtained for wrongful discharge), cert. denied, 454 U.S. 1084, 102 S.Ct. 642, 70 L.Ed.2d 619 (1981). Clearly, the district court's conclusion that Green has no entitlement under Missouri law notwithstanding HA's handbook is not fundamentally deficient in analysis, without a reasonable basis or in conflict with Missouri state court decisions. We therefore defer to the district court's state law findings and reject Green's property claim on the basis of the HA handbook.
 
 
 20
 Green also argues that the HA resolutions have the legal effect of ordinances and therefore establish a property interest in his employment. We again defer to the district court on its interpretation of Missouri state law and reject Green's argument. See Julian v. Mayor, 391 S.W.2d 864, 866-67 (Mo.1965) (resolutions are not laws, and in substance there is no difference between a resolution, an order, and a motion).
 
 
 21
 Finally, Green argues that HUD's handbook[5] requires HA to adopt certain personnel procedures which Green alleges create a property interest in continued employment.[6] HUD handbook No. 74101.1 states in part: "Pursuant to the annual contributions contract--entered into between a local agency and HUD, the local agency shall formally adopt and comply with the statement of personnel policies comparable with local public practice." We conclude that the HUD handbook provision on its own did not create a property interest in Green's job. Even assuming, without deciding, that it requires HA to adopt the precise civil service system Green maintains the handbook imposes, we note that HA did not adopt it. Although one may argue that HA has breached its contract with HUD, Green cannot legitimately claim a property interest in his job arising from the handbook. HA may have a legitimate fear that its funds might be cut off if HUD decides to enforce the provisions of the handbook (assuming HA is not in compliance therewith), but that does not mean Green has a legitimate claim of entitlement to his job arising solely from the handbook. See Burroughs v. Hills, 741 F.2d 1525, 1529, 1532 (7th Cir.1984) (per curiam) (HUD handbook has no binding force, but is entitled to notice only insofar as it is an official interpretation of statutes or regulations with which it is not in conflict; efforts to enforce implied causes of action under the HUD handbook have frequently come under consideration of appellate courts and have always failed).
 
 E.
 
 22
 Finally, Green claims that MAPA entitles him to judicial review of HA's decision dismissing him from his position as general housing manager. The district court, relying on Missouri law, rejected his argument.
 
 
 23
 MAPA provides that "any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140." Mo.Rev.Stat. Sec. 536.100 (emphasis added). The district court found that Green's contest over his discharge was not a contested case within the meaning of this state statute and rejected his claim that he is entitled to judicial review. Because we do not find that the district court's ruling on this state law question is fundamentally deficient in analysis, without a reasonable basis, or contrary to reported state-court opinion, we affirm its entry of summary judgment on this claim.
 
 II.
 
 24
 For the reasons stated above, we affirm the district court's dismissal of Green's claims against St. Louis and the mayor in his official capacity. We also affirm the district court's entry of summary judgment in favor of the mayor in his individual capacity and the remaining defendants. The defendants are all entitled to judgment as a matter of law.
 
 
 
 [1]
 Green and HA never executed an employment contract
 
 
 [2]
 The Honorable Edward Filippine, United States District Judge for the Eastern District of Missouri
 
 
 [3]
 Green stated in his affidavit that after he was hired, a board appointed by the mayor picked Jones, a political friend and supporter of the mayor, to be HA's executive director. This statement, if true, was also insufficient to successfully oppose the motion for summary judgment. It does not create a genuine dispute as to whether the mayor himself violated Green's constitutional rights
 We also note that despite Green's claims that he needed additional time to pursue further discovery to uncover additional evidence in support of his claim against the mayor, he failed to file an affidavit pursuant to Fed.R.Civ.P. 56(f) explaining the basis for, and probative value of, additional discovery. We also note that Green had two years to conduct discovery.
 
 
 [4]
 We note that even if Green had succeeded in demonstrating that the district court erred in granting the defendants' motion for summary judgment on his claim that they infringed his liberty interests, he would not have been entitled to seek money damages or reinstatement on remand. He would have been limited to seeking a hearing at which he would have had an "opportunity to clear his name." Arnett v. Kennedy, 416 U.S. 134, 157, 94 S.Ct. 1633, 1646, 40 L.Ed.2d 15 (1974) (plurality opinion); Roth, 408 U.S. at 573 n. 12, 92 S.Ct. at 2707 n. 12. We need not decide whether the informal hearing Green did receive satisfied this requirement because of our holding that his liberty interest was not even implicated
 
 
 [5]
 Green does not cite to any federal statute or regulation to support his argument
 
 
 [6]
 In Evans, the district court, in a well-written opinion, considered and rejected this precise argument pursued by another plaintiff, albeit on other grounds. Evans, 689 F.Supp. at 973-75