978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Percy E. COOKSEY, III, Appellant,
v.
Keith SCHAFER; Robert O. Muether; Dr. Dinwiddie; Dr.
Dante Garrido, Appellees.
 No. 92-2072.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 25, 1992.
Filed: October 27, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Percy E. Cooksey, III, appeals the district court's[1] grant of summary judgment to defendants in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 In September 1989, Cooksey, represented by appointed counsel, filed an amended complaint against C. Keith Schafer, Director of the Department of Mental Health (DMH); Robert O. Muether, Superintendent of Malcolm Bliss Mental Health Center (Malcolm Bliss); and Drs. Stephen Dinwiddie and Dante Garrido, treating physicians at Malcolm Bliss. Seeking damages, he alleged defendants denied him admission to Malcolm Bliss on three occasions on the basis of his race and economic status (lack of health insurance), in violation of the Equal Protection Clause.
 
 
 3
 In March 1991, defendants moved for summary judgment. They submitted: affidavits denying the existence of any admission policy based on race or economic status; answers to interrogatories showing that refusal to admit Cooksey was based on his physical and mental condition in the emergency room; and statistics indicating the absence of dissimilar treatment of blacks and whites, and of insured and uninsured persons. In response, Cooksey contended the statistical evidence "raise[d] an inference of discriminatory intent in that every year a higher percentage of whites who present themselves to Malcolm Bliss are admitted than are blacks." (Cooksey resp. at 6.) He did not, however, submit affidavits or other supporting documents.
 
 
 4
 In April 1992, the district court granted defendants' motion for summary judgment. The court concluded that the statistical evidence in and of itself failed to raise a genuine issue of material fact as Cooksey argued, and that Cooksey could not simply rest on the allegations in his pleadings to defeat a well-supported motion for summary judgment.
 
 
 5
 This court reviews a grant of summary judgment de novo and examines the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic Inc., 957 F.2d 605, 607 (8th Cir. 1992). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Federal Rule of Civil Procedure 56(c).
 
 
 6
 Defendants' evidence in support of their motion established that they did not discriminate in admissions on the basis of race or lack of insurance. Although each year Malcolm Bliss admitted a slightly higher percentage of white patients, the actual number of black patients admitted each year was considerably higher than the actual number of white patients. Statistics included in Muether's answers to interrogatories indicated that, during the relevant period, the majority of Malcolm Bliss patients had no insurance. The physicians' answers to interrogatories further demonstrated that they denied Cooksey admission based on their professional clinical judgments and not on race or lack of insurance, in that they determined he was not suicidal, homicidal, assaultive, or psychotic as was required for admission.
 
 
 7
 Cooksey failed to rebut defendants' evidence and show that defendants treated similarly situated persons differently. See City of Cleburne, Texas v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). Cooksey could not defeat defendants' well-supported motion for summary judgment without offering any controverting affidavits or evidence from which a reasonable jury could return a verdict in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-52 (1986). Reliance on the allegations in his pleadings was insufficient to raise a genuine issue of fact. See Green v. St. Louis Housing Authority, 911 F.2d 65, 68 (8th Cir. 1990). Furthermore, Cooksey could not make out a prima facie case of racial discrimination by merely relying on unpersuasive statistical evidence. See Larry v. White, 929 F.2d 206, 210 (5th Cir. 1991).
 
 
 8
 Despite Cooksey's claim to the contrary, he had no constitutional right to effective assistance of counsel in this section 1983 action. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988). We do not consider Cooksey's remaining points as they are raised for the first time on appeal. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985). Cooksey's motion for appointment of counsel is denied.
 
 
 9
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri