Robert A. Russell, Jr., Duncan & Rainwater, Little Rock, AR, for defendant.

**Benny McDOUGAL, Plaintiff,**

v.

**Jess ODOM, Defendant.**

**No. LR–C–93–618.**

United States District Court,
E.D. Arkansas,
Western Division.

May 2, 1994.

### *ORDER*

ROY, District Judge.

Before the Court is the Motion for Summary Judgment of defendant, to which plaintiff has responded. For the reasons which follow, the Court finds that the motion should be granted and plaintiff's complaint dismissed.

In his complaint filed herein on September 1, 1993, plaintiff contends that he was wrongfully arrested on April 28, 1991, by defendant, the sheriff of White County, Arkansas. Plaintiff alleges that his arrest was without probable cause and violated his right "to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States Constitution to due process of law." Defendant maintains that all actions

taken with respect to plaintiff's arrest were reasonable under the attendant circumstances.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding a motion for summary judgment, the district court must view the evidence in favor of the adverse party and give him the benefit of all reasonable inferences. *See Green v. St. Louis Housing Authority,* 911 F.2d 65, 68 (8th Cir.1990). Of course, the Court is guided by those standards herein.

There are a number of facts relevant to the issues in this matter which are not in dispute.[1] It is agreed that on April 28, 1991, plaintiff was arrested by Sheriff Odom and charged with operating a gambling house, a felony under the laws of the State of Arkansas. It is not disputed that on the evening of April 27, 1991, Deputy David Hydrick of the White County Sheriff's Department entered a barn occupied by plaintiff in which fights between gamecocks were being staged and from 120 to 150 persons were in attendance.

After leaving plaintiff's barn, Deputy Hydrick prepared an affidavit setting out the events and actions he allegedly observed while witnessing the cockfights. In reliance upon the allegations set out in that affidavit, Municipal Judge Leroy Froman issued a search warrant for plaintiff's barn authorizing seizure of certain evidence tending to indicate either gambling or cruelty to animals on those premises. Immediately after execution of the search warrant, plaintiff was taken into custody by defendant and charged with keeping, conducting or operating a gambling house in violation of Arkansas Code Annotated § 5-66-103. On August 11, 1992, after plaintiff agreed that in the future he would not operate a gambling house as that term is defined under Arkansas law, the

Prosecuting Attorney for White County, Arkansas, filed a motion seeking to nolle prosequi the charge against plaintiff. The motion was granted that same day by the White County Circuit Judge.

While the parties' stories diverge on other points, the Court does not find any of those questions material to the matter at hand. After thorough review and consideration, the Court finds that as a matter of law defendant had probable cause to arrest plaintiff on April 28, 1991, upon the charge of operating a gambling house.

The ultimate nolle prosequi of the charge against plaintiff is of no consequence in the determination of the validity of his arrest. The United States Constitution only bars arrests that are not supported by probable cause. In *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964), the Supreme Court of the United States expounded on that standard, as follows:

> Whether [an] arrest was constitutionally valid depends ... upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed ... an offense.

Thus, the Court must consider the facts and circumstances known to defendant at the time of plaintiff's arrest in determining whether the requisite probable cause existed.

As part of his investigation of the activities in plaintiff's barn, in which it was well-known that cockfights were often staged, defendant caused one of his deputies to attend the cockfights in an undercover capacity. On April 27, 1991, after several visits, that deputy, David Hydrick, wore a concealed microphone and recorder into the barn. Plaintiff admits that the recording did confirm that cockfights were being held in the barn on that evening. As noted previously, Deputy Hydrick left the barn and im-

---

1. Many of these facts are expressly agreed to, while others have been deemed admitted as a result of plaintiff having no objection to certain portions of defendant's statement of undisputed material facts.

786

mediately prepared an affidavit in which he averred that he both observed and participated in wagering upon the outcome of certain fights, and a search warrant was issued by the municipal court in reliance thereon.

Plaintiff has put forth no evidence in support of the contention in his complaint that defendant did not have an objective, good faith belief that plaintiff had committed the crime of operating a gambling house. Likewise, plaintiff has shown no reason why on April 28, 1991, defendant should have questioned the accuracy of the statements and assertions set out in the affidavit of Deputy Hydrick. Subsection (e) of Rule 56 provides, in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary·judgment, if appropriate, shall be entered against the adverse party.

The Court finds that on the night in question defendant reasonably believed that plaintiff had committed the offense of keeping, conducting or operating a gambling house and that he acted reasonably in effecting the arrest. Further, the Court finds as a matter of law that defendant had probable cause to arrest plaintiff. That being the case, plaintiff's arrest did not deprive him of any federal constitutional right, and he thus has no cause of action against defendant under 42 U.S.C. § 1983. *See Clay v. Conlee*, 815 F.2d 1164 (8th Cir.1987). Pursuant to Rule 56, defendant is entitled to judgment upon the complaint of plaintiff.

Upon all of the foregoing, the Court finds that defendant's Motion for Summary Judgment should be, and it is hereby, granted. Judgment in favor of defendant shall be entered contemporaneously herewith.